**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30776
Summary Calendar

EDWARD T. LAIN,

Plaintiff-Appellant,

VERSUS

STATE OF LOUISIANA; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; WARDEN LENSING, Warden Hunt Correctional Center;
HUNT CORRECTIONAL CENTER

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-2021)

January 24, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

FACTS

Louisiana prisoner Edward T. Lain ("Lain"), represented by

retained attorney Linda M. Meyer ("Meyer"), filed a 42 U.S.C.

---

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

§ 1983 action against the State of Louisiana; the Louisiana Department of Public Safety and Corrections ("LDPSC"); Union Parish Detention Center; Hunt Correctional Center; Allen Parish Correctional Center; and Wardens Thomas Lensing, Terry Terrell, and George Farrar, in their individual and official capacities, for alleged constitutional violations. The State of Louisiana, LDPSC, Hunt Correctional Center, and Warden Thomas Lensing, in his official capacity, moved to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), contending that they were absolutely immune from suit under the Eleventh Amendment. Lain conceded that the State of Louisiana, LDPSC, Hunt Correctional Center, and Allen Parish Correctional Center were improper parties and should be dismissed from the suit. The district court ultimately dismissed Lain's claims against the State of Louisiana, LDPSC, Hunt Correctional Center, Allen Parish Correctional Center, and Lensing and Terrell, in their official capacities, as immune from suit under the Eleventh Amendment and entered final judgment in their favor.[1]

---

[1]The district court also allowed Lain 20 days from the date of the order to either amend his complaint to state causes of action against Lensing and Terrell individually or to face dismissal of those claims. Lain failed to properly amend his complaint and the district court dismissed Terrell and Lensing, in their individual capacities, for failure to allege facts sufficient to state a cause of action against them. The district court also dismissed Warden Farrar, in his official capacity, and Union Parish Detention Center as immune from suit under the Eleventh Amendment and dismissed any claims against Farrar individually for failure to allege facts sufficient to state a cause of action. The district court entered judgment in their favor.

After entry of final judgment, the State of Louisiana, LDPSC, Hunt Correctional Center, and Warden Lensing, in his official capacity, moved the district court to tax Lain for attorneys' fees and court costs, pursuant to 28 U.S.C. § 1924 and 42 U.S.C. § 1988. Lain opposed the motion. In ruling on the motion, the district court found Lain's suit against these defendants so lacking in merit as to be groundless. The district court then determined that the defendants were entitled to attorneys' fees and costs pursuant to § 1988. The district court also sua sponte raised whether Meyer was subject to sanctions under Fed. R. Civ. P. 11 and ordered her to submit objections to the imposition of sanctions.

Over Meyer's objections the district court later assessed $250 as Rule 11 monetary sanctions against Meyer. The district court also determined that the moving defendants were entitled under § 1988 to $960.50 in costs and attorneys' fees from Lain. Lain filed a pro se notice of appeal from the judgment regarding the sanctions and attorneys' fees. The district court granted Lain in forma pauperis status on appeal.

DISCUSSION

Lain argues that the district court erred in ordering him to pay attorneys' fees to the defendants under § 1988. Lain contends that the district court correctly imposed monetary sanctions against Meyer, but erred in continuing on to award fees and costs against him. He contends that Meyer, not himself, was at fault for failing to acknowledge that the defendants were absolutely immune under the law, and that as a client uneducated in the law, he

3

depended on Meyer to know whether his action was frivolous. Alternatively, Lain contends that, if the district court correctly awarded attorneys' fees and court costs against him, then the amount was excessive considering that Lain is "an indigent inmate who earns no wages, has no assets, funds, property, bonds or stocks."

AWARD OF ATTORNEYS' FEES AND COSTS

District courts have discretion to award attorneys' fees to prevailing parties, other than the United States, in civil rights cases. 42 U.S.C. § 1988. A reviewing court will reverse an award of attorneys' fees under § 1988 only on finding an abuse of discretion. *Islamic Center of Miss., Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 468 (5th Cir. 1989). "[P]revailing defendants are entitled to attorney fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless. [This court] review[s] frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (internal citation omitted).

Lain admits on appeal that his action was frivolous but contends that he relied on his attorney to know whether the action was without merit. He contends that his attorney did not consult him about the frivolity of the case and decided on her own to pursue the action and later withdraw it. Neither Lain nor his attorney presented this argument in the district court as a reason against awarding the defendants' attorneys' fees. Instead, Lain's

4

attorney argued to the district court that the suit was not frivolous.

"[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (internal citations and quotations omitted). Holding Lain liable for attorneys' fees under § 1988 despite his attorney's alleged failure to advise him of the frivolous nature of his case does not rise to the level of manifest injustice.

AMOUNT OF ATTORNEYS' FEES

Lain complains that the attorneys' fees are excessive and unreasonable because the district court did not consider Lain's status as an indigent inmate. This court reviews a district court's factual findings surrounding the award of attorneys' fees for clear error. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir.), *cert. denied*, --U.S.--, 114 S. Ct. 548, 126 L. Ed. 2d 450 (1993). To determine the award amount, courts in this circuit must first calculate the "lodestar" by multiplying the number of compensable hours reasonably spent on the litigation times a reasonable hourly rate. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)).

When analyzing the reasonableness of the hours expended and the hourly rate requested the district court is to consider: (1) the time and labor required; (2) the novelty and difficulty of the

5

questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 457 n.4 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Once determined, the lodestar may be adjusted upward or downward if the above factors, not included in the reasonable fee analysis, warrant the adjustment. *Id.* (internal citation omitted). A strong presumption exists that the lodestar represents a reasonable fee that should be modified only in exceptional cases. *Id.*

The possible inability of a losing party to pay the fees and costs assessed against him is not a factor about which the district court needs to inquire when determining a reasonable fee. Consequently, the district court did not err when it assessed attorneys' fees of $960.50 against Lain.

CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

6